# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARY A. BALDERAS, Personal
Representative of the Estate of
Matthew W. Burch, Deceased

USDC Case No. 2:23-cv-11427

Hon. _____

       Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR,
NICOLE MCKEE, STEVEN WILLIAMS,
CHIVAS RIVERS, DWIGHT REED, AUTRIS
SHELBY, JEFFREY BOYLE, WILLARD
MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

       Defendants.

_____

| | |
|---|---|
| **BILL COLOVOS (P38434)** | **JAMES HEATH** |
| **COLOVOS LAW FIRM** | Wayne County Corporation Counsel |
| 13305 Reeck Road, Ste. 140 | **ANTHONY MONTICCIOLO (P76013)** |
| Southgate, MI 48195 | Assistant Corporation Counsel |
| (734) 282-2900 (P) | 500 Griswold, 30th Floor |
| (734) 281-7332 (F) | Detroit, MI 48226 |
| bcolovos@sbcglobal.net | (313) 967-2320 |
| | Amonticciolo@waynecounty.com |
| *Attorney for Plaintiff* | |
| | *Attorneys for Wayne County Defendants* |

_____

## NOTICE OF REMOVAL

**NOW COMES** Defendants, Nicole McKeen, Steven Williams and Dwight Reed, by and through their attorneys, Wayne County Corporation Counsel, and hereby gives notice of their removal of this action from the Circuit Court for the County of Wayne, State of Michigan (Case No. 22-015176-NO) to the United States District Court for the Eastern District of Michigan Southern Division, pursuant to 28 USC §§1331(a), 1441(a), 1443(2), and supplemental jurisdiction pursuant to 28 USC §1637(a). In support of their Notice of Removal Nicole McKeen, Steven Williams and Dwight Reed state as follows:

1.     On December 21, 2022, Plaintiff commenced this action in the Circuit Court for the County of Wayne, State of Michigan, by filing her Summons and Complaint and named the County of Wayne, Danya Taylor, Nicole McKeen, Steven Williams, Chivas Rivers, Dwight Reed, Autris Shelby, Jeffrey Boyle, Willard Molencupp, Steven Williams, Dwayne Denham, and Kevin Bender were named as defendants.

2.     Plaintiff is the duly appointed Personal Representative of the Estate of Matthew W. Burch and Plaintiff is a resident of the County of Wayne, State of Michigan.

3.     Plaintiff herein seeks recovery from Defendants County of Wayne, Danya Taylor, Nicole McKeen, Steven Williams, Chivas Rivers, Dwight Reed, Autris Shelby, Jeffrey Boyle, Willard Molencupp, Steven Williams, Dwayne Denham, and

[2]

Kevin Bender, alleging violations of 28 USC § 1983, MCL 691.1407, Due Process

Clause of the Fifth and Fourteenth Amendment, and the Equal Protection Clause of

the Fourteenth Amendment.

4.     This Court has original jurisdiction over Plaintiff's claims as those claims

arise under the Constitution and laws of the United States, which provide for equal

rights and due process, and this action is removable to this Court pursuant to 28 USC

§§1331(a), 1441(a), and 1443(2).

5.     This Court has supplemental jurisdiction over Plaintiff's claims arising under

the laws of the State of Michigan pursuant to 28 USC §1637(a).

6.     This Notice for Removal is hereby filed with this Court within 30 days after

receipt of service upon Defendants, Nicole McKeen, Steven Williams and Dwight

Reed, in this case.

7.     Defendants, County of Wayne, Chivas Rivers, Autris Shelby, Jeffrey Boyle,

Willard Molencupp, Dwayne Denham, and Kevin Bender, have already filed

responsive pleadings in the State Court and hereby consent, through the undersigned

Counsel, to the removal of this action. All pleadings served upon these defendants

are attached to this removal as **Exhibit A.**

8.     The prerequisites for removal have been established. If any question arises as

to establishing the removal requirements, defendants respectfully request the

[3]

opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

9.     In removing this action, defendants specifically reserve all their defenses, including, without limitation, all defenses specified in Rule 12(b) and Rule 19.

     **WHEREFORE**, Nicole McKeen, Steven Williams and Dwight Reed, hereby request to remove this matter from the Circuit Court for the County of Wayne, State of Michigan to the United States District for the Eastern District of Michigan Southern Division and request that all further proceedings be held in this Court.

Respectfully Submitted,

*/s/Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

[4]

# EXHIBIT A

Approved, SCAO | Original - Court | 2nd Copy - Plaintiff
| 1st Copy- Defendant | 3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 22-015176-NO Hon.Brian R. Sullivan |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s) Balderas, Personal Representative of the, Mary A et. Al | v | Defendant's name(s), address(es), and telephone no(s). Boyle, Jeffrey |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Bill Colovos 38434
13305 Reeck Ct Ste 140
Southgate, MI 48195-3197

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 12/21/2022 | Expiration date* 3/22/2023 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)      SUMMONS      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
IN THE COURT FOR THE COUNTY OF WAYNE
CIVIL DIVISION

MARY A. BALDERAS, Personal Representative
of the Estate of Matthew W. Burch, Deceased,

Plaintiff,

-vs-

Case No. 22-015176-NO
Hon. Brian Sullivan

COUNTY OF WAYNE,
DANYA TAYLOR, NICOLE MCKEE
STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY
JEFFREY BOYLE, WILLARD MOLENCUPP
STEVEN WILLIAMS, DWAYNE DENHAM
and KEVIN BENDER, jointly and severely,

Defendants.

_____/

BILL COLOVOS (P 38434)
COLOVOS LAW FIRM
Attorney for Plaintiff
13305 Reeck Road, Ste. 140
Southgate, Michigan 48195
(734) 282-2900 (phone)
(734) 281-7332 (facsimile)
bcolovos@sbcglobal.net

_____/

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Mary A. Balderas, Personal Representative of the Estate of

Matthew W. Burch, Deceased, through her Attorney, Bill Colovos, and in support of her

Complaint against Defendants states as follows:

1.      The Plaintiff is a resident of the County of Wayne, State of Michigan.

2.      The Plaintiff was and is the duly appointed Personal Representative of the Estate

of Matthew W. Burch, Deceased.

3.      Defendant, County of Wayne, is a County political subdivision of the State of

Michigan.

4.      The Defendant, Danya Taylor, is a resident of the County of Wayne, State of

Michigan, and at all material times was employed by the Wayne County Sheriff's Department as a Corporal.

5.      Defendant, Nicole McKee, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department as an Officer.

6.      Defendant, Steven Williams, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as an Officer.

7.      Defendant, Chivas Rivers, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as a Sargent.

8.      Defendant, Dwight Reed, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as a Sargent.

9.      Defendant, Autris Shelby, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department as a Sargent.

10.     Defendant, Jeffrey Boyle, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as a Sargent.

11.     Defendant, Willard Molencupp, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department as a Corporal.

-2-

12.    Defendant, Dwayne Denham, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriffs Department as an Officer.

13.    Defendant, Kevin Bender, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriffs Department as an Officer.

14.    When the events alleged in this complaint occurred, Defendants were acting within the scope of their employment on behalf of Wayne County and under color of law.

15.    At all material times, Defendant, Wayne County, employed all Defendant deputies and knew or should have known their unlawful actions. The County is also liable because of its policies, practices, and customs, which led to the wrongful actions resulting in the death of Matthew W. Burch.

16.    The proper venue for this cause of action is the County of Wayne, State of Michigan.

17.    The amount in controversy is in excess of $25,000.00, exclusive of court costs and attorney fees.

18.    This action arises under MCL 691.1407, et al., and 42 USC 1983.

## COUNT I
### DEFENDANTS DANYA TAYLOR AND NICOLE MCKEE

19.    On December 26, 2019, Matthew W. Burch, was booked into the Wayne County Jail-Division 1.

20.    Thereafter, on December 27, 2019, Defendants, Danya Taylor and Nicole McKee, interviewed inmate, Matthew W. Burch, concerning his mental health and a jail classification questionnaire was filled out.

21.     At the bottom of the questionnaire there are three questions pertaining to Matthew W. Burch's mental health.  Two of the questions were answered "yes" and Mr. Burch informed them that he suffered from mental illness and had attempted to commit suicide in 2012 while housed at the Wayne County Jail.

22.     Pursuant to protocol, if any of the questions are answered "yes", an email must be sent to the Mental Health Department by the Classification Officer(s).

23.     Upon information and belief, the Defendant Classification Officers, thereafter used the North Point program through the JMS system, to determine past mental and criminal history.

24.     Upon information and belief, the result from the North Point program identified Matthew W. Burch as a very high possible mental health suicide risk.

25.     Upon information and belief, the Defendant Classification Officers failed to send an alert to the Wayne County Mental Health Department concerning Matthew W. Burch's suicidal tendencies.

26.     In the event the Classification Officers did send notice, they failed to stress the very high suicide risk of Matthew W. Burch or continued follow-up with the Mental Health Unit.

27.     Further, Defendant Classification Officers, failed to alert the Wayne County Jail Deputies in charge of Matthew W. Burch of his mental health and high risk of suicide.

28.     The Defendant, Wayne County, failed to police the activities of its Classification Officers and employees concerning the mental health of its inmates.  Such actions and failure to act by Defendant, Wayne County, resulted in the unlawful policies, practices, and customs that led to the death by suicide of Decedent, Matthew W. Burch on December 27, 2019.

29.     As a direct and proximate result of the Defendant Classification Officers unlawful conduct and the Defendant, Wayne County's, unlawful policies, practices, and customs under

-4-

color of law the Defendants violated Matthew W. Burch's Federal and State Constitutional

Rights. Including the right to liberty protected in the substantive component of the Due Process

Clause of the Fifth and Fourteenth Amendments, which includes, health, safety and a right to

medical care and protection.  The right to fair and equal treatment guaranteed and protected by

the Equal Protection clause of the Fourteenth Amendment.

30.     The Deputies, acting under color of state law, took Matthew W. Burch, into

physical custody, and did not afford him any mental health treatment knowing of his high risk

suicidal tendencies.  In doing so , they established a special custodial relationship with Matthew

W. Burch, giving rise to affirmative duties on their part to secure for him the constitutionally

protected rights identified above.

31.     As a direct and proximate result of Defendant Classification Officers, and all

Defendant Deputies, Matthew W. Burch committed suicide on December 27, 2019, while under

their care, custody and control.

32.     As a further direct and proximate result of Defendants violations of Matthew W.

Burch's Constitutional Rights, Matthew W. Burch suffered pain and suffering and emotional

trauma prior to his death.

33.      As a further direct and proximate result of Defendants violating, Matthew W.

Burch's, State and Federal Constitutional Rights, as set forth above, the Estate requests that the

Court award damages including but not limited to, reasonable compensation for the pain and

suffering, while conscious, undergone by the deceased during the period intervening between the

time of the injury and death; and damages for the loss of financial support and loss of the society

and companionship of the deceased; and funeral and burial expenses.

34.     It is further requested that attorney fees and costs be awarded to the Estate as a

result of the deliberate indifference and wrongful actions of Defendants while acting under color

of law as set forth above.

WHEREFORE, Plaintiff, Mary Balderas, as Personal Representative of the Estate of Matthew W. Burch, Deceased, requests Judgment against all Defendants, in an amount that will fully and fairly compensate the Estate and all family members under the wrongful death statute who have suffered such a devastating loss.

## COUNT II
## DEFENDANTS, STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35.     Plaintiff, hereby incorporates each and every allegation above, as if fully set forth herein.

36.     Wayne County Deputies, Steven Williams, Chivas Rivers, Dwight Reed, Autris Shelby, Jeffrey Boyle, Willard Molencupp, Dwayne Denham and Kevin Bender, herein after referred to "Deputies" at all times while acting within the scope of their employment and under color of law, knew or should have known the past and present mental health and high suicide risk of Matthew W. Burch as well as the protocol when housing an inmate at high risk of committing suicide.

37.     Defendant Deputies deliberate indifference while acting within the scope of their employment resulted in the pain, suffering and emotional trauma felt by Matthew W. Burch prior to his death by suicide while incarcerated at the Wayne County Jail.

38.     Defendant Deputies failed to perform proper notification to all necessary departments of the mental health suicide risk of Matthew W. Burch.

39.     Defendant Deputies failed to perform proper and timely rounds by conducting a headcount/card count in a timely fashion.

40.     Defendant Deputies failed to ensure that Matthew W. Burch was never the sole occupant of a confined, unsupervised area such as a jail cell/ward.

41.     The Defendant, Wayne County, knew or should have known of the Deputies failure to be properly educated and informed on the housing of inmates, especially those inmates

with serious mental illnesses and failed to be properly trained not to leave inmates alone in a cell unsupervised.

42.    The County of Wayne is liable because of its policies, practices, and customs that violated the decedents State and Federal Constitutional Rights. Including the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes, health, safety and a right to medical care and protection. The right to fair and equal treatment guaranteed and protected by the Equal Protection clause of the Fourteenth Amendment.

43.    As a further direct and proximate result of Defendants violating, Matthew W. Burch's, State and Federal Constitutional Rights, as set forth above, the Estate requests that the Court award damages including but not limited to, reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury, choking and death; and damages for the loss of financial support and loss of the society and companionship of the deceased; and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Balderas, as Personal Representative of the Estate of Matthew W. Burch, Deceased, requests Judgment against all Defendants, in an amount that will fully and fairly compensate the Estate and all family members under the wrongful death statute who have suffered such a devastating loss.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, STEVEN WILLIAMS,**
**DWAYNE DENHAM AND KEVIN BENDER**

44.    Plaintiff hereby incorporates each and every paragraph contained above as if fully set forth herein.

45.    The actions and conduct of all Defendants as set forth above was so reckless as to demonstrate a substantial lack of concern for whether an injury or death would result.

46.    All Defendants took part in violating the decedent's rights to be safe while under their sole care, custody and control.

47.    MCL 691.407, as amended, places liability on Defendants who acted in concert and failed to protect the decedent's health and safety resulting in his death on December 27, 2019.

48.    As a direct and proximate result of Defendants gross negligence the Estate requests that the Court award damages including but not limited to, reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and loss of the society and companionship of the deceased; and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Balderas, as Personal Representative of the Estate of Matthew W. Burch, Deceased, requests Judgment against all Defendants, in an amount that will fully and fairly compensate the Estate and all family members under the wrongful death statute who have suffered such a devastating loss.

Respectfully submitted,

/s/ Bill Colovos_____
BILL COLOVOS (P38434)
Attorney for Plaintiff
13305 Reeck Road, Ste. 140
Southgate, Michigan 48195
(734) 282-2900

# COLOVOS LAW FIRM
## 13305 REECK RD - SUITE 140
## SOUTHGATE, MICHIGAN 48195

**BILL COLOVOS**                                  **734/282-2900**                                  **SUSAN M. ASPDEN**
Attorney at Law                                  bcolovos@sbcglobal.net                                  Legal Assistant

March 6, 2023

<u>**VIA CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

Ms. Alisha Bell
Commission Chair
Wayne County Board of Commissioners
Guardian Building
500 Griswold,
Detroit, Michigan  48226

      RE:    Balderas v. Wayne County
             Subject Matter: Service of Process

Dear Ms. Bell:

    Enclosed is a Summons, Complaint and Jury Demand that you are being served with as the Chairperson of the County of Wayne, a named Defendant in the enclosed lawsuit.

                        Respectfully,

                        Bill Colovos

BC/sa
Enclosures

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 22-015176-NO Hon. Brian R. Sullivan |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s) Balderas, Personal Representative of the, Mary A et. Al | v | Defendant's name(s), address(es), and telephone no(s). County of Wayne |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Bill Colovos 38434
13305 Reeck Ct Ste 140
Southgate, MI 48195-3197

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 12/21/2022 | Expiration date* 3/22/2023 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
IN THE COURT FOR THE COUNTY OF WAYNE
CIVIL DIVISION

MARY A. BALDERAS, Personal Representative
of the Estate of Matthew W. Burch, Deceased,

          Plaintiff,

-vs-                                                    Case No. 22-015176-NO
                                                        Hon. Brian Sullivan

COUNTY OF WAYNE,
DANYA TAYLOR, NICOLE MCKEE
STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY
JEFFREY BOYLE, WILLARD MOLENCUPP
STEVEN WILLIAMS, DWAYNE DENHAM
and KEVIN BENDER, jointly and severely,

          Defendants.
_____/

BILL COLOVOS (P 38434)
COLOVOS LAW FIRM
Attorney for Plaintiff
13305 Reeck Road, Ste. 140
Southgate, Michigan 48195
(734) 282-2900 (phone)
(734) 281-7332 (facsimile)
bcolovos@sbcglobal.net
_____/

## FIRST AMENDED
## COMPLAINT

          NOW COMES Plaintiff, Mary A. Balderas, Personal Representative of the Estate of

Matthew W. Burch, Deceased, through her Attorney, Bill Colovos, and in support of her

Complaint against Defendants states as follows:

          1.       The Plaintiff is a resident of the County of Wayne, State of Michigan.

          2.       The Plaintiff was and is the duly appointed Personal Representative of the Estate

of Matthew W. Burch, Deceased.

          3.       Defendant, County of Wayne, is a County political subdivision of the State of

Michigan.

          4.       The Defendant, Danya Taylor, is a resident of the County of Wayne, State of

Michigan, and at all material times was employed by the Wayne County Sheriff's Department as a Corporal.

5.      Defendant, Nicole McKee, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department as an Officer.

6.      Defendant, Steven Williams, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as an Officer.

7.      Defendant, Chivas Rivers, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as a Sargent.

8.      Defendant, Dwight Reed, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as a Sargent.

9.      Defendant, Autris Shelby, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department as a Sargent.

10.     Defendant, Jeffrey Boyle, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department, as a Sargent.

11.     Defendant, Willard Molencupp, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriff's Department as a Corporal.

12.     Defendant, Dwayne Denham, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriffs Department as an Officer.

13.     Defendant, Kevin Bender, is a resident of the County of Wayne, State of Michigan, and at all material times was employed by the Wayne County Sheriffs Department as an Officer.

14.     When the events alleged in this complaint occurred, Defendants were acting within the scope of their employment on behalf of Wayne County and under color of law.

15.     At all material times, Defendant, Wayne County, employed all Defendant deputies and knew or should have known their unlawful actions.  The County is also liable because of its policies, practices, and customs, which led to the wrongful actions resulting in the death of Matthew W. Burch.

16.     The proper venue for this cause of action is the County of Wayne, State of Michigan.

17.     The amount in controversy is in excess of $25,000.00, exclusive of court costs and attorney fees.

18.     This action arises under MCL 691.1407, et al., and 42 USC 1983.

**COUNT I**
**DEFENDANTS DANYA TAYLOR**
**AND NICOLE MCKEE**

19.     On December 26, 2019, Matthew W. Burch, was booked into the Wayne County Jail-Division 1.

20.     Thereafter, on December 27, 2019, Defendants, Danya Taylor and Nicole McKee, interviewed inmate, Matthew W. Burch, concerning his mental health and a jail classification questionnaire was filled out.

-3-

21.    At the bottom of the questionnaire there are three questions pertaining to Matthew W. Burch's mental health.  Two of the questions were answered "yes" and Mr. Burch informed them that he suffered from mental illness and had attempted to commit suicide in 2012 while housed at the Wayne County Jail.

22.    Pursuant to protocol, if any of the questions are answered "yes", an email must be sent to the Mental Health Department by the Classification Officer(s).

23.    Upon information and belief, the Defendant Classification Officers, thereafter used the North Point program through the JMS system, to determine past mental and criminal history.

24.    Upon information and belief, the result from the North Point program identified Matthew W. Burch as a very high possible mental health suicide risk.

25.    Upon information and belief, the Defendant Classification Officers failed to send an alert to the Wayne County Mental Health Department concerning Matthew W. Burch's suicidal tendencies.

26.    In the event the Classification Officers did send notice, they failed to stress the very high suicide risk of Matthew W. Burch or continued follow-up with the Mental Health Unit.

27.    Further, Defendant Classification Officers, failed to alert the Wayne County Jail Deputies in charge of Matthew W. Burch of his mental health and high risk of suicide.

28.    The Defendant, Wayne County, failed to police the activities of its Classification Officers and employees concerning the mental health of its inmates.  Such actions and failure to act by Defendant, Wayne County, resulted in the unlawful policies, practices, and customs that led to the death by suicide of Decedent, Matthew W. Burch on December 27, 2019.

29.    As a direct and proximate result of the Defendant Classification Officers unlawful conduct and the Defendant, Wayne County's, unlawful policies, practices, and customs under

color of law the Defendants violated Matthew W. Burch's Federal and State Constitutional Rights. Including the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes, health, safety and a right to medical care and protection. The right to fair and equal treatment guaranteed and protected by the Equal Protection clause of the Fourteenth Amendment.

30.     The Deputies, acting under color of state law, took Matthew W. Burch, into physical custody, and did not afford him any mental health treatment knowing of his high risk suicidal tendencies. In doing so , they established a special custodial relationship with Matthew W. Burch, giving rise to affirmative duties on their part to secure for him the constitutionally protected rights identified above.

31.     As a direct and proximate result of Defendant Classification Officers, and all Defendant Deputies, Matthew W. Burch committed suicide on December 27, 2019, while under their care, custody and control.

32.     As a further direct and proximate result of Defendants violations of Matthew W. Burch's Constitutional Rights, Matthew W. Burch suffered pain and suffering and emotional trauma prior to his death.

33.     As a further direct and proximate result of Defendants violating, Matthew W. Burch's, State and Federal Constitutional Rights, as set forth above, the Estate requests that the Court award damages including but not limited to, reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and loss of the society and companionship of the deceased; and funeral and burial expenses.

34.     It is further requested that attorney fees and costs be awarded to the Estate as a result of the deliberate indifference and wrongful actions of Defendants while acting under color of law as set forth above.

WHEREFORE, Plaintiff, Mary Balderas, as Personal Representative of the Estate of Matthew W. Burch, Deceased, requests Judgment against all Defendants, in an amount that will fully and fairly compensate the Estate and all family members under the wrongful death statute who have suffered such a devastating loss.

## COUNT II
### DEFENDANTS, STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35.     Plaintiff, hereby incorporates each and every allegation above, as if fully set forth herein.

36.     Wayne County Deputies, Steven Williams, Chivas Rivers, Dwight Reed, Autris Shelby, Jeffrey Boyle, Willard Molencupp, Dwayne Denham and Kevin Bender, herein after referred to "Deputies" at all times while acting within the scope of their employment and under color of law, knew or should have known the past and present mental health and high suicide risk of Matthew W. Burch as well as the protocol when housing an inmate at high risk of committing suicide.

37.     Defendant Deputies deliberate indifference while acting within the scope of their employment resulted in the pain, suffering and emotional trauma felt by Matthew W. Burch prior to his death by suicide while incarcerated at the Wayne County Jail.

38.     Defendant Deputies failed to perform proper notification to all necessary departments of the mental health suicide risk of Matthew W. Burch.

39.     Defendant Deputies failed to perform proper and timely rounds by conducting a headcount/card count in a timely fashion.

40.     Defendant Deputies failed to ensure that Matthew W. Burch was never the sole occupant of a confined, unsupervised area such as a jail cell/ward.

41.     The Defendant, Wayne County, knew or should have known of the Deputies failure to be properly educated and informed on the housing of inmates, especially those inmates

with serious mental illnesses and failed to be properly trained not to leave inmates alone in a cell unsupervised.

42.     The County of Wayne is liable because of its policies, practices, and customs that violated the decedents State and Federal Constitutional Rights. Including the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes, health, safety and a right to medical care and protection. The right to fair and equal treatment guaranteed and protected by the Equal Protection clause of the Fourteenth Amendment.

43.     As a further direct and proximate result of Defendants violating, Matthew W. Burch's, State and Federal Constitutional Rights, as set forth above, the Estate requests that the Court award damages including but not limited to, reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury, choking and death; and damages for the loss of financial support and loss of the society and companionship of the deceased; and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Balderas, as Personal Representative of the Estate of Matthew W. Burch, Deceased, requests Judgment against all Defendants, in an amount that will fully and fairly compensate the Estate and all family members under the wrongful death statute who have suffered such a devastating loss.

## COUNT III
## GROSS NEGLIGENCE AS TO DEFENDANTS
## COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, STEVEN WILLIAMS, DWAYNE DENHAM AND KEVIN BENDER

44.     Plaintiff hereby incorporates each and every paragraph contained above as if fully set forth herein.

-7-

45.     The actions and conduct of all Defendants as set forth above was so reckless as to demonstrate a substantial lack of concern for whether an injury or death would result.

46.     All Defendants took part in violating the decedent's rights to be safe while under their sole care, custody and control.

47.     MCL 691.407, as amended, places liability on Defendants who acted in concert and failed to protect the decedent's health and safety resulting in his death on December 27, 2019.

48.     As a direct and proximate result of Defendants gross negligence the Estate requests that the Court award damages including but not limited to, reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and loss of the society and companionship of the deceased; and funeral and burial expenses.

WHEREFORE, Plaintiff, Mary Balderas, as Personal Representative of the Estate of Matthew W. Burch, Deceased, requests Judgment against all Defendants, in an amount that will fully and fairly compensate the Estate and all family members under the wrongful death statute who have suffered such a devastating loss.

Respectfully submitted,

/s/ Bill Colovos_____
BILL COLOVOS (P38434)
Attorney for Plaintiff
13305 Reeck Road, Ste. 140
Southgate, Michigan 48195
(734) 282-2900

STATE OF MICHIGAN
IN THE COURT FOR THE COUNTY OF WAYNE
CIVIL DIVISION

MARY A. BALDERAS, Personal Representative
of the Estate of Matthew W. Burch, Deceased,

         Plaintiff,

-vs-                                          Case No. 22-015176-NO
                                              Hon. Brian Sullivan

COUNTY OF WAYNE,
DANYA TAYLOR, NICOLE MCKEE
STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY
JEFFREY BOYLE, WILLARD MOLENCUPP
STEVEN WILLIAMS, DWAYNE DENHAM
and KEVIN BENDER, jointly and severely,

         Defendants.
_____/

BILL COLOVOS (P 38434)
COLOVOS LAW FIRM
Attorney for Plaintiff
13305 Reeck Road, Ste. 140
Southgate, Michigan 48195
(734) 282-2900 (phone)
(734) 281-7332 (facsimile)
bcolovos@sbcglobal.net
_____/

## JURY DEMAND

NOW COMES, Plaintiff, and hereby demands a trial by jury.

                                   COLOVOS LAW FIRM


                                   By:__/s/ Bill Colovos_____
                                      BILL COLOVOS (P38434)
                                      Attorney for Plaintiff
                                      13305 Reeck Road, Ste. 140
                                      Southgate, Michigan 48195
                                      (734) 282-2900





CERTIFIED MAIL

7022 0410 0002 4206 3638



PITNEY BOWES
$9.24
US POSTAGE
FIRST-CLASS
029Y0004875SN
9580493525
ZIP 48168
MAR 06 2023

**COLOVOS LAW FIRM**
13305 REECK ROAD, STE. 140
SOUTHGATE, MICHIGAN  48195-3531

To:     Ms. Alisha Bell
        Commission Chair
        Wayne County Board of Commissioners
        Guardian Building
        500 Griswold,
        Detroit, Michigan  48226

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARY A. BALDERAS, Personal
Representative of the Estate of
Matthew W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

     Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR,
NICOLE MCKEE, STEVEN WILLIAMS,
CHIVAS RIVERS, DWIGHT REED, AUTRIS
SHELBY, JEFFREY BOYLE, WILLARD
MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

     Defendants.

_____/

| | |
|---|---|
| **BILL COLOVOS (P38434)** | **JAMES HEATH** |
| **COLOVOS LAW FIRM** | Wayne County Corporation Counsel |
| Attorney for Plaintiff | **ANTHONY MONTICCIOLO (P76013)** |
| 13305 Reeck Road, Ste. 140 | Assistant Corporation Counsel |
| Southgate, MI 48195 | 500 Griswold, 30th Floor |
| (734) 282-2900 (P) | Detroit, MI 48226 |
| (734) 281-7332 (F) | (313) 967-2320 |
| bcolovos@sbcglobal.net | Amonticciolo@waynecounty.com |
| | |
| | *Attorneys for Defendants Wayne County* |

_____/

# DEFENDANT WAYNE COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

Document received by the MI Wayne 3rd Circuit Court.

**NOW COMES** Defendant Wayne County, by and through its Counsel, Wayne County Corporation Counsel, and for its Answer to Plaintiff's First Amended Complaint, states the following:

1.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Wayne County admits the allegation contained in this paragraph.

4.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

10.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

13.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Wayne County denies the allegation contained in this paragraph as untrue.

16.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

## COUNT I
## DEFENDANTS DANYA TAYLOR
## AND NICOLE MCKEE

Document received by the MI Wayne 3rd Circuit Court.

19.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

24.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs. In

Document received by the MI Wayne 3rd Circuit Court.

further answer, Wayne County denies as untrue the allegation that its employees failed to perform any action or took no action when an action was necessary.

29. Wayne County denies the allegation contained in this paragraph as untrue.

30. Wayne County denies the allegation contained in this paragraph as untrue.

31. Wayne County denies the allegation contained in this paragraph as untrue.

32. Wayne County denies the allegation contained in this paragraph as untrue.

33. Wayne County denies the allegation contained in this paragraph as untrue.

34. Wayne County denies the allegation contained in this paragraph as untrue.

## COUNT II
## DEFENDANTS STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35. Wayne County incorporated each and every answer above, as if fully set forth herein.

36. Wayne County lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

37. Wayne County denies the allegation contained in this paragraph as untrue.

38. Wayne County denies the allegation contained in this paragraph as untrue.

39. Wayne County denies the allegation contained in this paragraph as untrue.

40. Wayne County denies the allegation contained in this paragraph as untrue.

41. Wayne County denies the allegation contained in this paragraph as untrue.

Document received by the MI Wayne 3rd Circuit Court.

42. Wayne County denies the allegation contained in this paragraph as untrue.

43. Wayne County denies the allegation contained in this paragraph as untrue.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**
**AND KEVIN BENDER**

44. Wayne County incorporated each and every answer above, as if fully set forth herein.

45. Wayne County denies the allegation contained in this paragraph as untrue.

46. Wayne County denies the allegation contained in this paragraph as untrue.

47. Wayne County denies the allegation contained in this paragraph as untrue.

48. Wayne County denies the allegation contained in this paragraph as untrue.

**WHEREFORE**, Defendant Wayne County respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against it and enter judgment in its favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 21, 2023

Document received by the MI Wayne 3rd Circuit Court.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant Wayne County states the following affirmative and other defenses:

1.      Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.      Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.      Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.      Plaintiff's claims are barred by the doctrines of estoppels and laches.

5.      Decedent is the proximate cause of some or all of his injuries.

6.      Decedent is contributory\comparatively negligent for any claimed injuries or damages.

7.      Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.      No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.      Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

Document received by the MI Wayne 3rd Circuit Court.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is

hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

Wayne County reserves the right to add to and amend this answer including all

affirmative defenses that may become known hereafter by way of discovery.

**WHEREFORE**, Defendant Wayne County respectfully requests that this

Honorable Court dismiss all of Plaintiff's claims against it and enter judgment in its favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 21, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Wayne County demands a trial by jury of all issues

properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 21, 2023

## CERTIFICATE OF SERVICE

I certify that on April 21, 2023, I filed a copy of the foregoing with the Clerk of
the Court using the electronic filing system which will send electronic notification of
this filing to all parties of record.

/s/ *Shairon Parks*
**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MARY A. BALDERAS, Personal
Representative of the Estate of Matthew
W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

      Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR, NICOLE
MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE,
WILLARD MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

      Defendants.

| | |
|---|---|
| **BILL COLOVOS (P38434)** | **JAMES HEATH** |
| **COLOVOS LAW FIRM** | Wayne County Corporation Counsel |
| Attorney for Plaintiff | **ANTHONY MONTICCIOLO (P76013)** |
| 13305 Reeck Road, Ste. 140 | Assistant Corporation Counsel |
| Southgate, MI 48195 | 500 Griswold, 30th Floor |
| (734) 282-2900 (P) | Detroit, MI 48226 |
| (734) 281-7332 (F) | (313) 967-2320 |
| bcolovos@sbcglobal.net | Amonticciolo@waynecounty.com |
| | |
| | *Attorneys for Defendants Wayne* |
| | *County, Kevin Bender, Jeffrey* |
| | *Boyle, Dwayne Denham, Willard* |
| | *Molencupp, Chivas Rivers, Autris* |
| | *Shelby* |

**DEFENDANT KEVIN BENDER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

    **NOW COMES** Defendant Kevin Bender, by and through his Counsel, Wayne County

Corporation Counsel, and for his Answer to Plaintiff's First Amended Complaint, states the following:

Document received by the MI Wayne 3rd Circuit Court.

1.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

4.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

10.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.      Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

13.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

16.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

<u>**COUNT I**</u>
<u>**DEFENDANTS DANYA TAYLOR**</u>
<u>**AND NICOLE MCKEE**</u>

19.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

24.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

29.     Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

30.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

31.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

32.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

33.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

34.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

## COUNT II
## DEFENDANTS STEVE WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35.     Kevin Bender incorporates each and every answer above, as if fully set forth herein.

36.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

37.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

38.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

39.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

40.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

41.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

42.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

43.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**
**AND KEVIN BENDER**

44.     Kevin Bender incorporates each and every answer above, as if fully set forth herein.

45.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

46.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

47.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

48.     Kevin Bender denies the allegation related to him contained in this paragraph as untrue. Kevin Bender lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant Kevin Bender respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in its favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated:  April 25, 2023

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Kevin Bender states the following affirmative and other defenses:

1.     Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.     Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.     Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.     Plaintiff's claims are barred by the doctrines of estoppels and laches.

5.     Decedent is the proximate cause of some or all of his injuries.

6.     Decedent is contributory\comparatively negligent for any claimed injuries or damages.

Document received by the MI Wayne 3rd Circuit Court.

7.     Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.     Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

Kevin Bender reserves the right to add to and amend this answer including all affirmative defenses that may become known hereafter by way of discovery.

**WHEREFORE**, Defendant Kevin Bender respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Kevin Bender demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties of record.

/s/ *Shairon Parks*
**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MARY A. BALDERAS, Personal
Representative of the Estate of Matthew
W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

      Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR, NICOLE
MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE,
WILLARD MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

      Defendants.

_____/

| | |
|---|---|
| **BILL COLOVOS (P38434)** | **JAMES HEATH** |
| **COLOVOS LAW FIRM** | Wayne County Corporation Counsel |
| Attorney for Plaintiff | **ANTHONY MONTICCIOLO (P76013)** |
| 13305 Reeck Road, Ste. 140 | Assistant Corporation Counsel |
| Southgate, MI 48195 | 500 Griswold, 30th Floor |
| (734) 282-2900 (P) | Detroit, MI 48226 |
| (734) 281-7332 (F) | (313) 967-2320 |
| bcolovos@sbcglobal.net | Amonticciolo@waynecounty.com |
| | |
| | *Attorneys for Defendants Wayne* |
| | *County, Kevin Bender, Jeffrey* |
| | *Boyle, Dwayne Denham, Willard* |
| | *Molencupp, Chivas Rivers, Autris* |
| | *Shelby* |

_____/

**DEFENDANT JEFFREY BOYLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

    **NOW COMES** Defendant Jeffrey Boyle, by and through his Counsel, Wayne County

Corporation Counsel, and for his Answer to Plaintiff's First Amended Complaint, states the following:

Document received by the MI Wayne 3rd Circuit Court.

1.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

4.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

10.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

13.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

16.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

<u>**COUNT I**</u>
<u>**DEFENDANTS DANYA TAYLOR**</u>
<u>**AND NICOLE MCKEE**</u>

19.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

24.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

29.     Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

30.    Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

31.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

32.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

33.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

34.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**COUNT II**
**DEFENDANTS STEVE WILLIAMS, CHIVAS RIVERS, DWIGHT REED,**
**AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP,**
**DWAYNE DENHAM AND KEVIN BENDER**

35.     Jeffrey Boyle incorporates each and every answer above, as if fully set forth herein.

36.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

37.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

38.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

39.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

40.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

41.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

42.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

43.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**
**AND KEVIN BENDER**

44.     Jeffrey Boyle incorporates each and every answer above, as if fully set forth herein.

45.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

46.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

47.     Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

48.      Jeffrey Boyle denies the allegation related to him contained in this paragraph as untrue. Jeffrey Boyle lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant Jeffrey Boyle respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated:  April 25, 2023

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Jeffrey Boyle states the following affirmative and other defenses:

1.      Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.      Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.      Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.      Plaintiff's claims are barred by the doctrines of estoppels and laches.

5.      Decedent is the proximate cause of some or all of his injuries.

6.      Decedent is contributory\comparatively negligent for any claimed injuries or damages.

Document received by the MI Wayne 3rd Circuit Court.

7.      Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.      No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.      Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

Jeffrey Boyle reserves the right to add to and amend this answer including all affirmative defenses that may become known hereafter by way of discovery.

**WHEREFORE**, Defendant Jeffrey Boyle respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Jeffrey Boyle demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties of record.

/s/ *Shairon Parks*
**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MARY A. BALDERAS, Personal
Representative of the Estate of Matthew
W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

     Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR, NICOLE
MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE,
WILLARD MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

     Defendants.

                                            /

| | |
|---|---|
| **BILL COLOVOS (P38434)**<br>**COLOVOS LAW FIRM**<br>Attorney for Plaintiff<br>13305 Reeck Road, Ste. 140<br>Southgate, MI 48195<br>(734) 282-2900 (P)<br>(734) 281-7332 (F)<br>bcolovos@sbcglobal.net | **JAMES HEATH**<br>Wayne County Corporation Counsel<br>**ANTHONY MONTICCIOLO (P76013)**<br>Assistant Corporation Counsel<br>500 Griswold, 30th Floor<br>Detroit, MI 48226<br>(313) 967-2320<br>Amonticciolo@waynecounty.com<br><br>*Attorneys for Defendants Wayne*<br>*County, Kevin Bender, Jeffrey*<br>*Boyle, Dwayne Denham, Willard*<br>*Molencupp, Chivas Rivers, Autris*<br>*Shelby* |

                                            /

**DEFENDANT DWAYNE DENHAM'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

    **NOW COMES** Defendant, Dwayne Denham, by and through his Counsel, Wayne County

Corporation Counsel, and for his Answer to Plaintiff's First Amended Complaint, states the following:

Document received by the MI Wayne 3rd Circuit Court.

1.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

4.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

10.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.      Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

13.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

16.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

**COUNT I**
**DEFENDANTS DANYA TAYLOR**
**AND NICOLE MCKEE**

19.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

24.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

29.     Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

30.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

31.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

32.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

33.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

34.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

### COUNT II
### DEFENDANTS STEVE WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35.     Dwayne Denham incorporates each and every answer above, as if fully set forth herein.

36.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

37.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

38.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

39.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

40.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

41.      Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

42.      Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

43.      Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**
**AND KEVIN BENDER**

44.      Dwayne Denham incorporates each and every answer above, as if fully set forth herein.

45.      Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

46.      Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

47.      Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

48.     Dwayne Denham denies the allegation related to him contained in this paragraph as untrue. Dwayne Denham lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

     **WHEREFORE**, Defendant Dwayne Denham respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in its favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated:  April 25, 2023

### AFFIRMATIVE AND OTHER DEFENSES

     Defendant Dwayne Denham states the following affirmative and other defenses:

1.     Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.     Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.     Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.     Plaintiff's claims are barred by the doctrines of estoppels and laches.

5.     Decedent is the proximate cause of some or all of his injuries.

6.     Decedent is contributory\comparatively negligent for any claimed injuries or damages.

Document received by the MI Wayne 3rd Circuit Court.

7.      Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.      No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.      Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

        Dwayne Denham reserves the right to add to and amend this answer including all affirmative defenses that may become known hereafter by way of discovery.

        **WHEREFORE**, Defendant Dwayne Denham respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

                                Respectfully Submitted,

                                /s/ *Anthony Monticciolo*
                                ANTHONY MONTICCIOLO (P76013)
                                Wayne County Corporation Counsel
                                Assistant Corporation Counsel
                                500 Griswold, 30th Floor
                                Detroit, Michigan 48226
                                (313) 967-2320
                                Amonticciolo@waynecounty.com

Dated: April 25, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Dwayne Denham demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties of record.

/s/ *Shairon Parks*

**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MARY A. BALDERAS, Personal
Representative of the Estate of Matthew
W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

      Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR, NICOLE
MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE,
WILLARD MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

      Defendants.

                                              /

| | |
|---|---|
| **BILL COLOVOS (P38434)** | **JAMES HEATH** |
| **COLOVOS LAW FIRM** | Wayne County Corporation Counsel |
| Attorney for Plaintiff | **ANTHONY MONTICCIOLO (P76013)** |
| 13305 Reeck Road, Ste. 140 | Assistant Corporation Counsel |
| Southgate, MI 48195 | 500 Griswold, 30th Floor |
| (734) 282-2900 (P) | Detroit, MI 48226 |
| (734) 281-7332 (F) | (313) 967-2320 |
| bcolovos@sbcglobal.net | Amonticciolo@waynecounty.com |
| | |
| | *Attorneys for Defendants Wayne* |
| | *County, Kevin Bender, Jeffrey* |
| | *Boyle, Dwayne Denham, Willard* |
| | *Molencupp, Chivas Rivers, Autris* |
| | *Shelby* |

                                              /

**DEFENDANT WILLARD MOLENCUPP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

      **NOW COMES** Defendant Willard Molencupp, by and through his Counsel, Wayne County

Corporation Counsel, and for his Answer to Plaintiff's First Amended Complaint, states the following:

Document received by the MI Wayne 3rd Circuit Court.

1.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

4.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

10.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.      Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

13.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

16.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

### COUNT I
### DEFENDANTS DANYA TAYLOR
### AND NICOLE MCKEE

19.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

24.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

29.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

30.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

31.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

32.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

33.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

<u>**COUNT II**</u>
<u>**DEFENDANTS STEVE WILLIAMS, CHIVAS RIVERS, DWIGHT REED,**</u>
<u>**AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP,**</u>
<u>**DWAYNE DENHAM AND KEVIN BENDER**</u>

34.     Willard Molencupp incorporates each and every answer above, as if fully set forth herein.

35.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

36.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

37.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

38.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

39.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

40.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

41.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

42.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

43.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**
**AND KEVIN BENDER**

44.     Willard Molencupp incorporates each and every answer above, as if fully set forth herein.

45.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

46.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

47.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

48.     Willard Molencupp denies the allegation related to him contained in this paragraph as untrue. Willard Molencupp lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

        **WHEREFORE**, Defendant Willard Molencupp respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.


                                Respectfully Submitted,

                                /s/ *Anthony Monticciolo*
                                ANTHONY MONTICCIOLO (P76013)
                                Wayne County Corporation Counsel
                                Assistant Corporation Counsel
                                500 Griswold, 30th Floor
                                Detroit, Michigan 48226
                                (313) 967-2320
                                Amonticciolo@waynecounty.com

Dated:  April 25, 2023

## AFFIRMATIVE AND OTHER DEFENSES

        Defendant Willard Molencupp states the following affirmative and other defenses:

1.      Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.      Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.      Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.      Plaintiff's claims are barred by the doctrines of estoppels and laches.

Document received by the MI Wayne 3rd Circuit Court.

5.      Decedent is the proximate cause of some or all of his injuries.

6.      Decedent is contributory\comparatively negligent for any claimed injuries or damages.

7.      Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.      No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.      Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

Willard Molencupp reserves the right to add to and amend this answer including all affirmative defenses that may become known hereafter by way of discovery.

**WHEREFORE**, Defendant Willard Molencupp respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Willard Molencupp demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties of record.

/s/ *Shairon Parks*

**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MARY A. BALDERAS, Personal
Representative of the Estate of Matthew
W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

   Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR, NICOLE
MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE,
WILLARD MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

   Defendants.

                   /

| | |
|---|---|
| **BILL COLOVOS (P38434)**<br>**COLOVOS LAW FIRM**<br>Attorney for Plaintiff<br>13305 Reeck Road, Ste. 140<br>Southgate, MI 48195<br>(734) 282-2900 (P)<br>(734) 281-7332 (F)<br>bcolovos@sbcglobal.net | **JAMES HEATH**<br>Wayne County Corporation Counsel<br>**ANTHONY MONTICCIOLO (P76013)**<br>Assistant Corporation Counsel<br>500 Griswold, 30th Floor<br>Detroit, MI 48226<br>(313) 967-2320<br>Amonticciolo@waynecounty.com<br><br>*Attorneys for Defendants Wayne*<br>*County, Kevin Bender, Jeffrey*<br>*Boyle, Dwayne Denham, Willard*<br>*Molencupp, Chivas Rivers, Autris*<br>*Shelby* |

                   /

**DEFENDANT CHIVAS RIVERS' ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

  **NOW COMES** Defendant Chivas Rivers, by and through her Counsel, Wayne County

Corporation Counsel, and for her Answer to Plaintiff's First Amended Complaint, states the following:

Document received by the MI Wayne 3rd Circuit Court.

1.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

4.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

10.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

13.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

16.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

<u>**COUNT I**</u>
<u>**DEFENDANTS DANYA TAYLOR**</u>
<u>**AND NICOLE MCKEE**</u>

19.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

24.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

29.     Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

30.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

31.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

32.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

33.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

34.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

## COUNT II
## DEFENDANTS STEVE WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35.     Chivas Rivers incorporates each and every answer above, as if fully set forth herein.

36.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

37.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

38.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

39.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

40.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

41.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

42.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

43.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**COUNT III**
**GROSS NEGLIGENCE AS TO DEFENDANTS**
**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**
**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**
**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**
**AND KEVIN BENDER**

44.     Chivas Rivers incorporates each and every answer above, as if fully set forth herein.

45.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

46.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

47.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

48.     Chivas Rivers denies the allegation related to her contained in this paragraph as untrue. Chivas Rivers lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant Chivas Rivers respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against her and enter judgment in its favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated:  April 25, 2023

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Chivas Rivers states the following affirmative and other defenses:

1.     Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.     Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.     Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.     Plaintiff's claims are barred by the doctrines of estoppels and laches.

5.     Decedent is the proximate cause of some or all of his injuries.

6.     Decedent is contributory\comparatively negligent for any claimed injuries or damages.

Document received by the MI Wayne 3rd Circuit Court.

7.      Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.      No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.      Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

Chivas Rivers reserves the right to add to and amend this answer including all affirmative defenses that may become known hereafter by way of discovery.

**WHEREFORE**, Defendant Chivas Rivers respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against her and enter judgment in its favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Chivas Rivers demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties of record.

/s/ *Shairon Parks*
**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MARY A. BALDERAS, Personal
Representative of the Estate of Matthew
W. Burch, Deceased

Case No. 22-015176-NO
Judge Brian Sullivan

      Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR, NICOLE
MCKEE, STEVEN WILLIAMS, CHIVAS RIVERS,
DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE,
WILLARD MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

      Defendants.

_____/

| | |
|---|---|
| **BILL COLOVOS (P38434)** | **JAMES HEATH** |
| **COLOVOS LAW FIRM** | Wayne County Corporation Counsel |
| Attorney for Plaintiff | **ANTHONY MONTICCIOLO (P76013)** |
| 13305 Reeck Road, Ste. 140 | Assistant Corporation Counsel |
| Southgate, MI 48195 | 500 Griswold, 30th Floor |
| (734) 282-2900 (P) | Detroit, MI 48226 |
| (734) 281-7332 (F) | (313) 967-2320 |
| bcolovos@sbcglobal.net | Amonticciolo@waynecounty.com |
| | |
| | *Attorneys for Defendants Wayne* |
| | *County, Kevin Bender, Jeffrey* |
| | *Boyle, Dwayne Denham, Willard* |
| | *Molencupp, Chivas Rivers, Autris* |
| | *Shelby* |

_____/

**DEFENDANT AUTRIS SHELBY'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND**

    **NOW COMES** Defendant Autris Shelby, by and through his Counsel, Wayne County

Corporation Counsel, and for his Answer to Plaintiff's First Amended Complaint, states the following:

Document received by the MI Wayne 3rd Circuit Court.

1.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

2.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

3.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

4.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

5.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

6.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

7.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

8.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

9.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

10.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

11.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

12.      Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

13.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

14.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

15.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

16.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

17.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

18.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

### COUNT I
### DEFENDANTS DANYA TAYLOR
### AND NICOLE MCKEE

19.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

20.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

21.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

22.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

23.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

24.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

25.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

26.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

27.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

28.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

29.     Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to its proofs.

30.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

31.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

32.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

33.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

34.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

## COUNT II
### DEFENDANTS STEVE WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY, JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM AND KEVIN BENDER

35.     Autris Shelby incorporates each and every answer above, as if fully set forth herein.

36.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

37.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

38.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

39.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

40.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

41.      Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

42.      Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

43.      Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

<u>**COUNT III**</u>
<u>**GROSS NEGLIGENCE AS TO DEFENDANTS**</u>
<u>**COUNTY OF WAYNE, DANYA TAYLOR, NICOLE MCKEE,**</u>
<u>**STEVEN WILLIAMS, CHIVAS RIVERS, DWIGHT REED, AUTRIS SHELBY,**</u>
<u>**JEFFREY BOYLE, WILLARD MOLENCUPP, DWAYNE DENHAM**</u>
<u>**AND KEVIN BENDER**</u>

44.      Autris Shelby incorporates each and every answer above, as if fully set forth herein.

45.      Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

46.      Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

47.      Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

Document received by the MI Wayne 3rd Circuit Court.

48.     Autris Shelby denies the allegation related to him contained in this paragraph as untrue. Autris Shelby lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in this paragraph related to the other Defendants and leaves Plaintiff to its proofs.

**WHEREFORE**, Defendant Autris Shelby respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated:  April 25, 2023

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Autris Shelby states the following affirmative and other defenses:

1.     Defendant is entitled to immunity granted by law, including but not limited to absolute immunity, qualified immunity, and all immunity pursuant to the governmental tort liability act at 691.1401 et seq.

2.     Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

3.     Defendant is entitled to dismissal of Plaintiff's complaint for the reason that Plaintiff has failed to state a claim upon which relief may be granted.

4.     Plaintiff's claims are barred by the doctrines of estoppels and laches.

5.     Decedent is the proximate cause of some or all of his injuries.

6.     Decedent is contributory\comparatively negligent for any claimed injuries or damages.

Document received by the MI Wayne 3rd Circuit Court.

7.      Decedent's Estate cannot recover from Wayne County because Decedent's own conduct violated the wrongful conduct rule.

8.      No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

9.      Defendant was not the cause of Plaintiff's harm, if any.

10.     No Defendant was the actual cause or proximate cause of the claimed injuries or damages, as required under law.

11.     Intervening superseding cause exists.

12.     Plaintiff has failed to mitigate its damages.

13.     Any alleged negligence was conducted by a nonparty to this action and notice is hereby given of such nonparty under MCR 2.112(K) and MCL 600.6304.

14.     Plaintiff has failed to join a necessary party.

Autris Shelby reserves the right to add to and amend this answer including all affirmative defenses that may become known hereafter by way of discovery.

**WHEREFORE**, Defendant Autris Shelby respectfully requests that this Honorable Court dismiss all of Plaintiff's claims against him and enter judgment in his favor.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

Document received by the MI Wayne 3rd Circuit Court.

## DEMAND FOR A JURY TRIAL

Pursuant to MCR 2.508(B), Autris Shelby demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 25, 2023

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties of record.

/s/ *Shairon Parks*

**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARY A. BALDERAS, Personal
Representative of the Estate of
Matthew W. Burch, Deceased

      Plaintiff,

v.

COUNTY OF WAYNE, DANYA TAYLOR,
NICOLE MCKEE, STEVEN WILLIAMS,
CHIVAS RIVERS, DWIGHT REED, AUTRIS
SHELBY, JEFFREY BOYLE, WILLARD
MOLENCUPP, DWAYNE DENHAM and
KEVIN BENDER, Jointly and Severally,

      Defendants.

Case No. 22-015176-NO
Judge Brian Sullivan

_____/

**BILL COLOVOS (P38434)**
**COLOVOS LAW FIRM**
Attorney for Plaintiff
13305 Reeck Road, Ste. 140
Southgate, MI 48195
(734) 282-2900 (P)
(734) 281-7332 (F)
bcolovos@sbcglobal.net

**JAMES HEATH**
Wayne County Corporation Counsel
**ANTHONY MONTICCIOLO (P76013)**
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, MI 48226
(313) 967-2320
Amonticciolo@waynecounty.com

*Attorneys for Defendants County of Wayne*

_____/

## NOTICE OF APPEARANCE OF COUNSEL

Document received by the MI Wayne 3rd Circuit Court.

TO:   CLERK OF THE COURT

**PLEASE TAKE NOTICE** that **Anthony Monticciolo**, Assistant Corporation

Counsel, enters an appearance for Defendant County of Wayne. Please forward copies of

all correspondence and court filings to Anthony Monticciolo at the address identified

below.

Respectfully Submitted,

/s/ *Anthony Monticciolo*
ANTHONY MONTICCIOLO (P76013)
Wayne County Corporation Counsel
Assistant Corporation Counsel
500 Griswold, 30th Floor
Detroit, Michigan 48226
(313) 967-2320
Amonticciolo@waynecounty.com

Dated: April 21, 2023

## CERTIFICATE OF SERVICE

I certify that on April 21, 2023, I filed a copy of the foregoing with the Clerk of
the Court using the electronic filing system which will send electronic notification of
this filing to all parties of record.

/s/ *Shairon Parks*
**Shairon Parks, Paralegal**

Document received by the MI Wayne 3rd Circuit Court.

**SUMMONS**
Case No. : **22-015176-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☑ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name  Nicole McKee | Date and time of service  5/27/23 @ 8:42 AM |
|---|---|
| Place or address of service  665 W. Warren Ave., Apt 102, Detroit, Michigan 48201 | |
| Attachments (if any) | |

☑ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print)  Bill Colovos (P.38434) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

Attachments (if any) _____ on _____

_____ on behalf of _____   Date and time

Signature _____

MCL 600.1910, MCR 2.104, MCR 2.105

Document received by the MI Wayne 3rd Circuit Court.

**Summons**   (3/23)                                   Case No. <u>22-015176-NO</u>

---

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / ~~NONSERVICE~~

☑ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Dwight Reed | May 24, 2023 at 7:50 p.m. |

| Place or address of service |
|---|
| 45386 N. Branch Street, Macomb, Michigan 48042 |

| Attachments (if any) |
|---|
|  |

☑ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | Bill Colovos P38434 |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

---

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                        Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

Jacqueline Ruff   5/25/2023 11:50 AM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   FILED   22-015176-NO

**SUMMONS**
Case No. : **22-015176-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☑ I served ☑ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Steven Williams | May 23, 2023 @ 7:49 pm |

Place or address of service
17171 Westmoreland, Macomb, MI 48042

Attachments (if any)

☑ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ |

Signature

*P.38434*

*Bill Colovos*
Name (type or print)

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                        Date and time

_____ on behalf of _____

Signature
_____

MCL 600.1910, MCR 2.104, MCR 2.105

Document received by the MI Wayne 3rd Circuit Court.