UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY A. BALDERAS,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE COUNTY, *et al.*,<br><br>Defendants. | Case No. 23-cv-11427<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION TO DISMISS (ECF NO. 2)**

I.  **Introduction**

Plaintiff Mary A. Balderas, the personal representative of Matthew W. Burch's estate, brings this action under 42 U.S.C. § 1983 against Wayne County and ten officials of the Wayne County Jail (WCJ), alleging constitutional violations during Burch's booking and incarceration.  ECF No. 1, PageID.7-9.  Balderas alleges that defendants failed to follow protocols to identify Burch as a suicide risk and failed to give him mental health treatment, leading to his suicide.  *Id.*, PageID.10-14.  The Honorable George Caram Steeh referred the case for all pretrial proceedings under 28 U.S.C. § 636(b).  ECF No. 8.

Defendants Nicole McKeen, Steven Williams, and Dwight Reed move to dismiss the action because Balderas failed to join Correct Care Solutions, LLC; Wellpath, LLC; and Larry Crystal ("Wellpath entities") as indispensable parties. ECF No. 2. The Court **RECOMMENDS** that defendants' motion be **DENIED**.

II. Analysis

A.

Federal Rule of Civil Procedure 12(b)(7) requires dismissal for "failure to join a party under Rule 19." Rule 19 governs the required joinder of parties and "compel[s] plaintiffs to sue all persons who are necessary and indispensable to the adjudication of the case." *Alter Domus, LLC v. Winget*, No. 23-10458, 2023 WL 4030025, at *3 (E.D. Mich. June 15, 2023). "Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). Courts must consider: (1) whether the person or entity is a necessary party under Rule 19(a); (2) if so, whether joinder of that person or entity will deprive the court of subject matter jurisdiction; and (3) if joinder is not feasible, whether the factors outlined in Rule 19(b) show that the court should dismiss the case "in equity and good conscience" because the absentee is indispensable. *Id.* (cleaned up). "If the threshold requirements

of Rule 19(a) are not satisfied, the Court need not engage in the Rule 19(b) inquiry." *State Farm Mut. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 16-13040, 2017 WL 2351744, at *6 (E.D. Mich. May 31, 2017).

Defendants falter at the first step of this analysis, as the Wellpath entities are not necessary under Rule 19(a).

## B.

Rule 19(a)(1) states that a person must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"No precise formula" dictates whether a party is necessary under Rule 19(a), as those determinations "are heavily influenced by the facts and circumstances of individual cases." 7 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1604 (3d ed.).

Defendants maintain that Balderas filed a state-court action against the Wellpath entities based on the same factual allegations made here.

3

ECF No. 2, PageID.104.[1]  In that action, Balderas alleges that the Wellpath entities determined that Burch was a suicide risk but failed to inform anyone at the WCJ.  ECF No. 2-3, PageID.135-136.  Defendants insist that the Wellpath entities must be joined in this action because they bear liability for Burch's suicide.  ECF No. 2, PageID.106.  Defendants explain that Correct Care and Wellpath were contractually responsible for providing healthcare services to inmates at the WCJ and for informing the WCJ if any inmates had mental health conditions.  *Id.*; ECF No. 2-4, PageID.144, 151-152.  And defendants claim that Correct Care and Wellpath must indemnify the WCJ for any liability stemming from their performance under the contract.  ECF No. 2, PageID.106; ECF No. 2-4, PageID.160-161.

Read together, Balderas's complaints allege that defendants and the Wellpath entities are jointly liable for Burch's suicide.[2]  The Sixth Circuit has held that "a person's status as a joint tortfeasor does not make that person

---

[1] Although defendants contend that the factual overlap between the cases renders the Wellpath entities necessary parties, that factor is only relevant to permissive joinder under Rule 20(a)(2).

[2] Defendants argue that it is inconsistent for Balderas to claim that both they and the Wellpath entities "were the direct and proximate cause of the death of Matthew Burch."  ECF No. 2, PageID.105, 109-110.  Nonsense.  There may be more than one proximate cause of an event.  *Srock v. United States*, No. 04-CV-72788, 2006 WL 2460771, at *8 (E.D. Mich. Aug. 23, 2006).

4

a necessary party, much less an indispensable party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990)); *see also Lynch v. JohnsManville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983) ("It is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum."); Fed. R. Civ. P. 19(a) Advisory Committee's Note to 1966 Amendment ("[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").

Courts have applied that principle in § 1983 cases when the defendants argued that other state actors were responsible for the plaintiffs' injuries. *See, e.g.*, *Washington v. City of New York*, No. 18 Civ. 12306, 2019 WL 2120524, at *11 (S.D.N.Y. Apr. 30, 2019); *Bingham v. Rynkewicz*, No. 6:16-CV-06829, 2019 WL 275826, at *2-3 (W.D.N.Y. Jan. 22, 2019); *Lake v. McDaniel*, No. 3:03-cv-00550, 2007 WL 923591, at *7 (D. Nev. Mar. 23, 2007). Those courts reasoned that a plaintiff can obtain complete relief from a subset of joint tortfeasors. *Washington*, 2019 WL 2120524, at *11. And even if the defendants are not jointly and severally liable, they can be found liable only for their own actions, not the actions of others. *Bingham*, 2019 WL 275826, at *3 (noting that the complaint sought "relief only from Defendant based on Defendant's own conduct, not based on the

5

actions of others); *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 217 n.1 (E.D. Mich. 1995) ("If there is not joint and several liability, then the defendant could only be held liable for his own negligence, not the negligence of others.").

The same holds true here. If defendants are found liable, Balderas may fully recover from them either as joint tortfeasors or for their own conduct. And defendants may defend the action by proving that their actions did not cause Burch's suicide. *See Bingham*, 2019 WL 275826, at *3 ("While not joining the other corrections officers as parties could make it more challenging for Defendant to present his theory of the case, that potential difficulty will not prevent Defendant from presenting a legitimate defense, nor will it keep the relief Plaintiff seeks from being accorded to her.").

Defendants' argument that the Wellpath entities are required to indemnify them "misunderstands both Rule 19 and the nature of joint and several liability." *Intercept*, 164 F.R.D. at 217 (cleaned up). "The 'complete relief' provision of Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *Id.* (quoting *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984)) (cleaned up). And

6

although defendants "may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility he shares with another, it takes more than the threat of such a situation to make a person necessary under Rule 19(a)(2)(ii)." *Id.* at 220 (cleaned up).

> The possibility that defendant may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.

*Id.* (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3rd Cir. 1993)) (cleaned up). Thus, any outcome adverse to defendants would have no legal effect on their right to indemnification from the Wellpath entities. *See Janney*, 11 F.3d at 412.

### III.  Conclusion

The Court thus **RECOMMENDS** that defendants' motion to dismiss be **DENIED** (ECF No. 2).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 6, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2023.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager