UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY A. BALDERAS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WAYNE COUNTY, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 23-cv-11427<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANT WAYNE COUNTY'S MOTION FOR ORDER TO SHOW CAUSE
(ECF NO. 29)**

Defendant Wayne County moves for an order requiring Plaintiff Mary A. Balderas to show cause for failing to comply with an order compelling discovery. ECF No. 29. The Honorable George Caram Steeh referred the case for all pretrial proceedings under 28 U.S.C. § 636(b). ECF No. 8. For the reasons stated on the record during the hearing held on May 30, 2024, the Court **GRANTS** the County's motion.

The County served interrogatories on Balderas on January 9, 2024. ECF No. 29-1. Balderas did not respond by the deadline under Rule 33(b)(2), but the parties stipulated to an order compelling Balderas to respond by March 27, 2024. ECF No. 28. Balderas still did not respond,

and the County filed its motion.  *See* ECF No. 29-7; ECF No. 29-9.  Five days later, Balderas responded to the interrogatories.  ECF No. 31-1.  Many responses were vague, and the County sent Balderas a letter identifying deficiencies in the responses to Interrogatories 14 through 20.  ECF No. 32-1.  The County clarified on the record that it seeks supplemental responses to only those seven interrogatories.

As a sanction for Balderas's failure to comply with the discovery order, the County also requests dismissal of the claims against the individual defendants.  ECF No. 32, PageID.367.  Courts may dismiss a plaintiff's claims as a sanction for violating discovery orders, procedural rules, or court orders.  Fed. R. Civ. P. 37(b)-(c), 41(b).  A court also has the inherent authority to sanction bad-faith conduct, "derive[d] from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings."  *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002).  "A primary aspect of [a court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Although dismissal is a severe sanction, it is within a court's discretion.  *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*,

665 F. App'x 514, 520 (6th Cir. 2016).  Four factors guide whether dismissal is proper: (1) whether the party's conduct was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Id.* at 520-21.  No one factor is dispositive, but bad faith is the preeminent consideration.  *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010).

As the Court explained on the record, Balderas is at fault for the delayed and deficient discovery responses, but neither she nor counsel acted willfully or in bad faith.  The County has been prejudiced in its inability to receive complete responses to its interrogatories.  But that prejudice may be cured since discovery does not close until July 20, 2024.  Balderas was not warned that failure to comply with the Court's earlier order could lead to sanctions.  ECF No. 28.  Balancing these factors, the lesser sanction of an award of attorney's fees is appropriate.

**By June 13, 2024**, the County must submit its bill of costs incurred in preparing its motion.  The Court warns the County to not submit an exorbitant bill of costs.  Interpreting case law instructs that only the

3

expenses incurred in preparing and litigating the motion are reimbursable. *Ross v. Am. Red Cross*, No. 2:09-CV-00905, 2012 WL 1884457, at *2 (S.D. Ohio May 22, 2012) (disallowing reimbursement for time spent reviewing discovery responses, and indicating that only time spent drafting motion to compel was reimbursable); *see also Castro v. Los Camperos, Inc.*, No. 2:13-CV-1186, 2014 WL 4626292, at *2-4 (S.D. Ohio Sept. 15, 2014) (same); *McMillan v. Dep't of Corr.*, No. 5:13-CV-292-WS-GRJ, 2014 WL 12639343, at *8 (N.D. Fla. Apr. 28, 2014) (ordering defendant to pay the reasonable attorney fees and expenses incurred "in connection with the preparation and filing" of motions to compel).

Thus, the Court will reject the County's bill of costs if it is exorbitant or if it requests reimbursement for attorney's fees and costs beyond those allowed under Rule 37(a)(5)(B).  *See Thomas v. Bannum Place of Saginaw*, 421 F. Supp. 3d 494, 487 (E.D. Mich. 2019) ("Where a fee-shifting statute provides a court discretion to award attorney's fees, such discretion includes the ability to deny a fee request altogether when, under the circumstances, the amount requested is outrageously excessive.") (cleaned up).

Balderas must provide thorough responses to Interrogatories 14 through 20 or file notice withdrawing its *Monell* claims against the County

4

**by June 13, 2024**.  If Balderas fails to comply, the Court may order that evidence about the County's policies, procedures, customs, and training be excluded from trial.  The Court will hold a status conference on **June 20, 2024, at 2:00 p.m.**, to ensure that Balderas has not provided vague or evasive responses and to discuss the parties' proposals about the case schedule.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 3, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2024.

                                              s/Julie Owens  
                                              Julie Owens  
                                              Case Manager